**KARI FAMILY CLINIC OF CHIRO-PRACTIC, P.A.,** Appellant,

v.

**Gary A. BOHNEN,** Respondent.

**No. C8–84–14.**

Court of Appeals of Minnesota.

June 26, 1984.

Douglas J. Peterson, Columbia Heights, for appellant.

Wellington W. Tully, Jr., Glenn Olander-Quamme, Minneapolis, for respondent.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is an appeal from a denial of Kari Clinic's motion to enjoin respondent-Bohnen's violation of a covenant not to compete contained in his employment agreement with appellant. We affirm.

## FACTS

Respondent, Dr. Bohnen, is a doctor of chiropractic who began working part time for appellant Kari Family Clinic of Chiropractic, P.A. (Clinic) while he was a student extern. He began full time employment with the Clinic on July 1, 1980, pursuant to an oral contract of employment which did not include an agreement not to compete.

Although the Clinic claims that Dr. Bohnen signed an employment agreement in August, 1980, the only agreement in evidence was one signed October 8, 1980, three months after he began full time employment. He said he signed the contract because he understood he would be fired if he did not. The October 8, 1980, agree-ment contained a covenant not to compete for two years within a 20-mile radius of the Clinic or any of its existing branches. Other than the non-compete covenant, the terms of the contract basically restated the terms of the oral contract.

Because of disagreements with the Clinic, Dr. Bohnen resigned on August 17, 1983 and informed the Clinic that he would establish an office in Isanti, Minnesota, which he did. Isanti is within 20 miles of the Clinic's Cambridge office.

This action was commenced September 22, 1983 when appellant served an order to show cause, notice of motion, motion for temporary injunction, affidavit of Dr. Kari, and summons and complaint with attached copy of the October 8, 1980 employment agreement. There was no memorandum of law. Other than these documents, nothing more was before the trial court at the hearing to substantiate appellant's case.

## ISSUE

Did the trial court err in denying temporary injunction?

## ANALYSIS

On the basis of the record before us, there are no facts to support a temporary injunction. Dr. Bohnen signed an employment agreement two months after he commenced employment. There is no evidence of adequate consideration, or of an additional consideration for the agreement not to compete as required by *Freeman v. Duluth Clinic, Ltd.*, 334 N.W.2d 626 (Minn.1983). Because there is no consideration for the non-compete convenant, the Clinic is not likely to prevail on the merits at trial. *Dahlberg Bros. Inc. v. Ford Motor Co.*, 272 Minn. 264, 137 N.W.2d 314 (1965).

## DECISION

The trial court's denial of the motion for temporary injunction is affirmed.